IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER NEAL KINGERY, § | | |
| TDCJ #1066564, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-3350 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

**ORDER**

On May 23, 2006, this Court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus petition filed by state inmate Christopher Neal Kingery. Kingery has filed a "Motion [of] Objections" to the Court's Memorandum and Order of dismissal. (Doc. #22). The motion is dated June 9, 2006, and it was received in an envelope post-marked June 16, 2006. Because it was executed more than ten days from the final judgment, the Court construes the motion as one seeking relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The petitioner's motion is **denied** for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

---

[1] On June 1, 2006, Nathaniel Quarterman replaced the previous respondent, Doug Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

The objections presented by the petitioner do not demonstrate that the dismissal order was entered in error or that there is any valid reason to grant relief from the final judgment in this case. The petitioner's motion merely presents arguments similar to those raised in response to the summary judgment motion. Arguments such as these, which could have and should have been raised prior to the entry of judgment, are not sufficient to warrant setting aside of the judgment. *See, e.g., Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 642, 645 (E.D. Tex. 1997) (providing that post-judgment motions should not be used to raise arguments that could, and should, have been made before the entry of judgment . . . [or] to re-urge matters that have already been advanced by a party"); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (holding that a post-judgment motion is

not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier").

More importantly, Kingery has recently submitted a notice of appeal. (Doc. #23). Once a party files a notice of appeal, a district court loses all jurisdiction and is without power to grant a Rule 60(b) motion of the kind filed by the petitioner regarding the merits of his case. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (explaining that, once "an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)") (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).

Accordingly, it is **ORDERED** that the petitioner's motion for relief from the final judgment (Doc. #22) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **June 27, 2006.**

_____
Nancy F. Atlas
United States District Judge